CASE NO. 23-4320

IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff - Appellee,*

v.

BRANDON LLOYD DANIELS,
*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT CHARLESTON

**OPENING BRIEF OF APPELLANT**

William W. Watkins, Sr.
WILLIAM W. WATKINS, PA
P. O. Box 7365
Columbia, SC 29202
803-782-0925
wwwatkins@sc.rr.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING
801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................... iii

I.   STATEMENT OF SUBJECT MATTER AND
     APPELLATE JURISDICTION ........................................................ 1

     A.   BASIS FOR SUBJECT MATTER JURISDICTION IN
          THE DISTRICT COURT ........................................................ 1

     B.   BASIS FOR JURISDICTION IN THE COURT OF
          APPEALS .............................................................................. 2

II.  STATEMENT OF ISSUES PRESENTED FOR REVIEW ................. 2

III. STATEMENT OF THE CASE ........................................................... 3

IV.  STATEMENT OF THE FACTS ........................................................ 6

V.   SUMMARY OF THE ARGUMENT .................................................. 7

VI.  ARGUMENT .................................................................................... 8

     1.   WHETHER THE DISTRICT COURT ERRED IN
          DENYING APPELLANT'S SENTENCING
          OBJECTION TO HIS BEING AN ORGANIZER,
          LEADER, MANAGER OR SUPERVISION OF A
          CRIMINAL ACTIVITY PURSUANT TO U.S.S.G. §
          3B1.1 ..................................................................................... 8

          Standard of Review ................................................................ 8

          Argument ............................................................................... 9

2. WHETHER THE DISTRICT COURT ERRED IN DENYING APPELLANT'S OBJECTION TO HIS ENHANCEMENT PURSUANT TO U.S.S.G. § 3C1.1 THAT HE OBSTRUCTED JUSTICE BY SUBORNING PERJURY .................................................................................. 10

    Standard of Review ................................................................... 10

    Argument .................................................................................. 10

3. WHETHER THIS COURT SHOULD ADDRESS COMPLAINTS ABOUT APPELLANT'S LAWYER ON DIRECT APPEAL? ............................................................. 11

VII. CONCLUSION ................................................................................ 11

CERTIFICATE OF SERVICE ................................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Anders v. California*,
    386 U.S. 738 (1967) .................................................................. 7, 11

*Gall v. United States*,
    552 U.S. 38, 128 S. Ct. 586 (2007) ...................................... 8, 9

*Kimbrough v. United States*,
    552 U.S. 85 (2007) ..................................................................... 8

*Rita v. United States*,
    551 U.S. 338 (2007) ................................................................... 8

*United States v. Booker*,
    543 U.S. 220 (2005) ................................................................... 8

*United States v. Daughtrey*,
    874 F.2d 213 (4th Cir. 1989) ............................................. 8, 10

*United States v. Dugger*,
    485 F.3d 236 (4th Cir. 2007) ................................................... 9

*United States v. Feemster*,
    572 F.3d 455 (8th Cir. 2009) ................................................. 11

*United States v. Hampton*,
    628 F.3d 654 (4th Cir. 2010) ................................................... 8

*United States v. Manigan*,
    592 F.3d 621 (4th Cir. 2010) ................................................. 10

*United States v. Moussaoui*,
    591 F.3d 263 (4th Cir. 2010) ................................................. 10

*United States v. Rivers*,
    595 F.3d 558 (4th Cir. 2010) ................................................. 10

*United States v. Stevenson*,
    396 F.3d 538 (4th Cir. 2005) ................................................... 9

*United States v. Thompson*,
    588 F.3d 197 (4th Cir. 2009) ................................................. 10

**Statutes**

18 U.S.C. § 922 .................................................................. 1, 3, 6
18 U.S.C. § 924 .................................................................. 1, 3, 5, 6
18 U.S.C. § 951 .................................................................. 1
18 U.S.C. § 1951 ................................................................ 4, 5
18 U.S.C. § 3231 ................................................................ 1
18 U.S.C. § 3553 ................................................................ 8
18 U.S.C. § 3742 ................................................................ 2
26 U.S.C. § 5841 ................................................................ 1, 3
26 U.S.C. § 5861 ................................................................ 1, 3
26 U.S.C. § 5871 ................................................................ 1, 3
28 U.S.C. § 1291 ................................................................ 2

**Other Authorities**

U.S.S.G. § 3B1.1 ................................................................ 2, 7, 8
U.S.S.G. § 3C1.1 ................................................................ 2, 7, 10

# I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

## A. BASIS FOR SUBJECT MATTER JURISDICTION IN THE DISTRICT COURT

The basis for jurisdiction in the District Court is 18 U.S.C. § 3231, which provides in pertinent part that the district courts shall have original jurisdiction, exclusive of state courts, of all offenses against the laws of the United States. Appellant Brandon Lloyd Daniels was arrested on April 19, 2018, on local charges and appeared on a Writ on July 26, 2018 in federal court, waived a detention hearing and has remained in custody through the trial. An Indictment was filed on July 11, 2018.

The Indictment contained an alleged a violation of 26 U.S.C. §§ 5841, 5871, and 5861(d) involving. Possession of a sawed-Off shotgun. It also included Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); Hobbs Act Robbery in violation of §§ 18 U.S.C. 951(a) and 951(a)(2); Use of a firearm in relation to a crime of violence in violation of §§ 924(c) and 924(c)(1)(A)(iii); and Felon in Possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Pursuant to these code sections, the district court had proper jurisdiction over this case.

## B. BASIS FOR JURISDICTION IN THE COURT OF APPEALS

This Court has jurisdiction over appeals from final judgments of district courts pursuant to 28 U.S.C. § 1291. A verdict of guilty pursuant to a jury trial and a bench trial is a final order pursuant to 28 U.S.C. § 1291. On October 21, 2021 the appellant was found guilty by bench trial on Counts One & Two of the Second Superseding Indictment. On July 13,2022, the defendant was found guilty by jury trial on Counts Four, Five, & Six of the Second Superseding Indictment. The jury verdict was returned on April 28, 2023.

Appellant filed the notice of appeal on May 02. 2023. The Appellant filed a timely notice of appeal. Jurisdiction of this Court is authorized by 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II. STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. WHETHER THE DISTRICT COURT ERRED IN DENYING APPELLANT'S SENTENCING OBJECTION TO HIS BEING AN ORGANIZER, LEADER, MANAGER OR SUPERVISON OF A CRININAL ACTIVITY PURSUANT TO U.S.S.G. § 3B1.1.

2. WHETHER THE DISTRICT COURT ERRED IN DENYING APPELLANT'S OBJECTION TO HIS ENHANCEMENT PURSUANT TO USSG § 3C1.1 THAT HE OBSTRUCTED JUSTICE BY SUBORNING PERJURY.

3. WHETHER THIS COURT SHOULD ADDRESS COMPLAINTS ABOUT APPELLANT'S LAWYER ON DIRECT APPEAL?

## III. STATEMENT OF THE CASE

Brandon Lloyd Daniels is named in a six-count Second Superseding Indictment which was filed in the District of South Carolina on January 14, 2020. Count One of the Indictment charges that on or about April 19, 2018, in the District of South Carolina, the defendant, Brandon Lloyd Daniels, knowingly possessed a firearm, that is a Companhia Brasilera De Cartuchos (CBC) 12 gauge shotgun, having a barrel of less than 18 inches in length and an overall length of less than 26 inches, not registered to him in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

Count Two of the Indictment charges that on or about April 19, 2018, in the District of South Carolina, the defendant, Brandon Lloyd Daniels, knowingly possessed a firearm and ammunition in and affecting commerce, to wit, a Companhia Brasilera De Cartuchos (CBC) 12 gauge shotgun and 12 gauge ammunition, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime in violation of Title 18, United States Code, Sections 922(g)(l), 924(a)(2), and 924(e)

Count Three of the Indictment charges that beginning at least on or around April 4, 2018, and continuing until at least on or around April 5,

2018, in the District of South Carolina, the defendant, Brandon Lloyd Daniels, knowingly and intentionally did combine, conspire, agree and have tacit understanding with another person known to the grand jury, to obstruct, delay, affect, and attempt to affect interstate commerce and the movement of articles and commodities in interstate commerce by robbery, as the terms commerce and robbery are defined in Title 18, United States Code, Section 1951, in that they did unlawfully plan to take property consisting of money belonging to the Tavern & Table restaurant that had traveled in interstate commerce from the person and presence of employees employed by the Tavern & Table restaurant, against the employees' will by means of actual and threatened force, violence and fear of injury to said individuals, in violation of Title 18, United States Code, Section 1951(a).

Count Four of the Indictment charges that on or about April 4, 2018, in the District of South Carolina, the defendant, Brandon Lloyd Daniels, and another person known to the grand jury, as principals, aiders and abettors, and as co-participants in jointly undertaken criminal activity, knowingly did obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), in that the defendant, Brandon

Lloyd Daniels, and another person known to the grand jury, did unlawfully take property consisting of money belonging to the Tavern & Table restaurant from the person and presence of employees of the Tavern & Table restaurant against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees' person, in that they did rob the employees of the business at gunpoint of money and did shoot an employee in the back, in violation of Title 18, United States Code, Sections 195l(a) and 2.

Count Five of the Indictment charges that on or about April 4, 2018, in the District of South Carolina, the Defendant, Brandon Lloyd Daniels, knowingly used and carried a firearm during and in relation to, and did possess a firearm in furtherance of, a crime of violence which is prosecutable in a court of the United States, to wit: robbery affecting interstate commerce, in violation of Title 18, United States Code, Section 1951(a), as set forth in Count 4 of this Second Superseding Indictment, and in committing the violation, did discharge the firearm in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and

Count Six of the Indictment charges that on or about April 4, 2018, in the District of South Carolina, the defendant, Brandon Lloyd Daniels, knowingly possessed ammunition in and affecting commerce, having

previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such crime in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

On January 2, 2020, the Court granted an order of severance of Counts One and Two from Counts Three through Six of the Second Superseding Indictment, pursuant to a motion filed by the defendant.

On October 20, 2021, the defendant, appeared for a bench trial on Counts One and Two of the aforementioned Second Superseding Indictment. On October 21, 2021, the Court found the defendant guilty on Counts One and Two.

On July 12, 2022, the defendant appeared for a trial by jury on Counts Three through Six. On July 13, 2022, the jury reached a verdict, and the defendant was found guilty on Counts Four through Six and not guilty on Count Three of the aforementioned Second Superseding Indictment.

### IV. STATEMENT OF THE FACTS

On April 4, 2018 a restaurant in Mt. Pleasant, SC was robbed by a person using a gun. The appellant was convicted of various offenses concerning this robbery.

The restaurant, Tavern & Table, was robbed as it was closing for the night. JA 402 As the restaurant was breaking down and counting the cash drawers to put in the safe, the robbery occurred. JA 415 The manager was shot during the robbery. JA 417 After an investigation the Appellant was arrested and a search of his residence found a sawed-off shotgun for which he was also charged

## V. SUMMARY OF THE ARGUMENT

Appellant appeals the District Court's refusal to sustain his objection to an enhancement as an organizer and leader pursuant to U.S.S.G. § 3B1.1. The District Court also refused to sustain Appellant's objection to his enhancement as Obstructing Justice pursuant to U.S.S.G. § 3C1.1. Appellant also complains about trial tactics of his defense counsel during the trial. These complaints about his attorney are not applicable on a direct appeal. The above issues are addressed, but in counsel's opinion no error occurred and the brief is filed pursuant to *Anders v. California* 386 U.S. 738 (1967).

# VI.   ARGUMENT

1. **WHETHER THE DISTRICT COURT ERRED IN DENYING APPELLANT'S SENTENCING OBJECTION TO HIS BEING AN ORGANIZER, LEADER, MANAGER OR SUPERVISION OF A CRIMINAL ACTIVITY PURSUANT TO U.S.S.G. § 3B1.1.**

**Standard of Review:**

The District Court's factual findings at sentencing are reviewed for clear error and its legal determinations are reviewed de novo. *United States v. Daughtrey*, 874 F.2d 213, 217-218 (4th Cir. 1989). *United States v. Hampton*, 628 F.3d 654, 659 (4th Cir. 2010). After *United States v. Booker,* 543 U.S. 220 (2005), which revitalized application of the sentencing factors set forth in 18 U.S.C. § 3553 their review is for "reasonableness" (equating to "abuse of discretion"). *Rita v. United States*, 551 U.S. 338 (2007). The post-Booker abuse of discretion standard applies to appellate review of all federal sentences, whether within or outside the applicable guideline range. *Gall v. United States*, 552 U.S. 38 (2007). Although the ultimate sentence is now reviewed for abuse of discretion, errors of law in computing the guideline range and applying guidelines are still reviewed de novo, *Kimbrough v. United States*, 552 U.S. 85 (2007), and factual findings made in the course of applying the guidelines and factors set forth under 18 U.S.C. § 3553 will continue to be reviewed for clear error. The Appellate Court applies a deferential standard of review and requires reversal only if the

Appellate Court is "left with the definite and firm conviction that a mistake has been made." *United States v. Stevenson*, 396 F.3d 538, 542 (4th Cir. 2005). The Appellate court will not disturb the district court's findings unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) If the sentence is "procedurally sound", the Court of Appeals "then consider[s] the substantive reasonableness of the sentence." The court of appeals must review "all sentences --whether inside, just outside, or significantly outside the Guidelines range," and regardless of the "uniqueness of the individual case," under a "deferential abuse-of-discretion standard." *Gall v. U. S.*, 128 S.Ct. at 591, 598.

**Argument:**

The trial produced testimony that Appellant had directed Joshua Washington on the night of the robbery. Mr. Washington picked up the Appellant at his home on the night of the robbery. JA 27 He brought his .380 handgun. JA 628 The Appellant told Mr. Washington he wanted a lick. JA 631 The Appellant directed Mr. Washington to the restaurant in Mount Pleasant he was convicted of robbing. JA 631 After going in the restaurant, Mr. Washington picked him up. Appellant had cash drawers in his hands. JA

634 Mr. Washington then took him home. JA 635 Appellant gave Mr. Washington $200.00. JA 635

A review of the District Court's decision to not grant the Objections does not reveal the decision was contrary to established case law.. See: *U.S. v. Rivers,* 595 F.3d 558 (4th Cir. 2010), and *U.S. v. Thompson*, 588 F.3d 197 (4th Cir. 2009). It was based on evidence presented at the trial.

2. **WHETHER THE DISTRICT COURT ERRED IN DENYING APPELLANT'S OBJECTION TO HIS ENHANCEMENT PURSUANT TO U.S.S.G. § 3C1.1 THAT HE OBSTRUCTED JUSTICE BY SUBORNING PERJURY.**

**Standard of Review:**

The district court's factual findings are reviewed for clear error and its legal determinations are reviewed *de novo. United States v. Daughtrey,* 874 F.2d 213, 217-218 (4th Cir. 1989), *U.S. v Manigan*, 592 F.3d 621 (4th Cir. 2010), *United States v. Moussaoui*, 591 F.3d 263 (4th Cir. 2010).

**Argument:**

A Bench Trial was held before the Jury trial before the District Court Judge. At the Bench Trial, William Steeley testified he placed the shotgun under Mr. Daniels mattress. JA 213 The judge had the opportunity to judge his credibility and demeanor. The overruling of the sentencing objection was based on testimony which the district judge heard. It was based on evidence that the witness, Mr. Steeley, was lying. The government provided evidence

that Mr. Steeley was in Greenville JA312 and could not have been in Charleston at the time he claimed. There was also a photograph of the shotgun on the Defendant's cell phone. Exhibit 5F1 JA77 & JA335 which showed possession.

Based on legal precedent and a thorough review of the record, counsel does not believe a meritorious argument can be advanced in support of this issue.

**3. WHETHER THIS COURT SHOULD ADDRESS COMPLAINTS ABOUT APPELLANT'S LAWYER ON DIRECT APPEAL?**

The appellant has filed issues he wants addressed. JA35 Docket entry 291 These issues are complaints about his attorney's cross examination of witnesses and trial decisions. Based on the record, counsel does not see any direct appeal of these issues.

## VII. CONCLUSION

Counsel has thoroughly reviewed the record in this matter and diligently researched all applicable case law. Counsel did not find any procedural or substantive error in either the trial or sentencing. See: *United States v Feemster*, 572 F.3d 455 (8th Cir. 2009) This review has turned up no meritorious issues on appeal and counsel has briefed the foregoing issues pursuant to *Anders v. California* 386 U.S. 738 (1967).

Respectfully submitted,

*/s/ William W. Watkins, Sr.*
William W. Watkins, Sr.
WILLIAM W. WATKINS, PA
P.O. Box 7365
Columbia, S.C. 29202
Federal Bar #4541
S.C. Bar #5961
Phone: 803.782.0925
Cell: 803.348.2542
e-mail: wwwatkins@sc.rr.com
& williamwwatkinspa@gmail.com

# CERTIFICATE OF SERVICE

I certify that on August 22, 2023, I electronically filed this brief via CM/ECF, which will send notice to all counsel of record.

I further certify that on August 22, 2023, I have mailed the foregoing Brief of Appellant and a Certificate of Service of Anders Brief to the Defendant at:

> Brandon Lloyd Daniels
> USP McCreary
> P.O. Box 3000
> Pine Knot, KY 42635

*/s/ William W. Watkins, Sr.*
William W. Watkins, Sr.
